BRIDGES, J.,
for the court.
¶ 1. On August 1, 1996, a jury found Chauncey Smith guilty of capital murder. After the jury was unable to reach a unanimous decision on sentencing, the court sentenced Smith to life imprisonment without possibility of parole. Smith filed a motion for JNOV or new trial on August 19, 1996, but as the court was unaware of the motion, it was not ruled on until March 8, 2001, when it was denied. Subsequently, Smith was granted an out-of-time appeal, which he filed on March 30, 2001.
STATEMENT OF ISSUES
I. DID THE STATE ESTABLISH A PRIMA FACIE CASE FOR THE UNDERLYING FELONY OF ROBBERY?
II. DID THE PROSECUTOR PREJUDICE THE JURY?
III.IS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
FACTS
¶ 2. On the evening of March 25th, 1995, Chauncey L. Smith shot and killed Rodrick Donnell Hodges in the commission of a robbery. Smith was accompanied by Keison Jones and Steven Nichols. Smith then drove away in Hodges’s car and searched it. A blue t-shirt belonging to Smith and covered in blood was found at the scene of the murder, along with the murder weapon, a .25 caliber pistol. Smith was apprehended shortly thereafter, as was Jones. Nichols was apprehended at about the same time as he attempted to flee to Chicago on a Greyhound bus.
ANALYSIS
I. DID THE STATE ESTABLISH A PRIMA FACIE CASE FOR THE UNDERLYING FELONY OF ROBBERY?
¶ 3. Smith argues that he was improperly denied a directed verdict on the charge of capital murder. The denial of a motion for directed verdict is reviewed by this Court as follows:
[T]his Court will consider the evidence in the light most favorable to the appel-lee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a’ contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.
*771 Jackson v. State, 815 So.2d 1196, 1202 (¶ 14) (Miss.2002).
¶ 4. The charge of capital murder brought against Smith requires the state to prove that the death of Hodges occurred in the commission of a felony, namely robbery. Miss.Code Ann. § 97-3-19(2)(e) (Rev.2000). The essential elements of robbery are the felonious taking of another’s personal property, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person. Miss.Code Ann. § 97-3-73 (Rev.2000). Smith asserts that the State failed to establish a prima facie case for robbery because the State did not show a taking of another’s personal property.
¶ 5. However, the uncontroverted evidence presented before the court showed that Smith and his accomplices took possession of Hodges’s car after Smith shot Hodges. Smith was found with the keys to Hodges’s car in his possession. Taking possession of another’s car is a felony and in fact constitutes grand larceny. Miss. Code Ann. § 97-17-42 (Rev.2000). Grand larceny is a necessary element of robbery. Dixon v. State, 169 Miss. 876, 882, 154 So. 290, 291 (1934). As the State adequately provided evidence of the fact that Smith and his accomplices overpowered, shot, and then killed Hodges, and took possession of his car and presumably any valuables there in, we find that the State indeed established a prima facie case of robbery sufficient to withstand a motion for a directed verdict.
II. DID THE PROSECUTOR PREJUDICE THE JURY?
¶ 6. Smith argues that the State commented on his standing silent in direct violation of his constitutional rights. This is a serious allegation:
When an accused exercises his or her constitutional right not to testify, the circuit judge must see that the State makes no direct or indirect comment on this fact. Though painful, the responsibility and duty of a circuit judge when such a comment is made is to declare a mistrial on the spot. Such celerity on the circuit judge’s part will not only have a salutary effect, but promote judicial economy in sparing this Court the task of the inevitable reversal.
Butler v. State, 608 So.2d 314, 318 (Miss.1992) (citations omitted).
¶ 7. Smith cites as objectionable language the following comment during the sentencing phase of his trial:
And he can’t argue that the Defendant was under the influence of extreme mental or emotional disturbance because he sat up here and argued with me on the witness stand today. And he argued with you. He didn’t have the guts to sit up here and say, Yeah, I did it but I’m sorry, please, I beg you for my life.
¶ 8. The State was directly commenting on Smith’s appearance on the stand earlier in the sentencing phase of his trial, and in particular on the following exchange:
Q. Chauncey.
A. Sir?
Q. You just sat here and told this jury you hadn’t done nothing wrong.
A. Yes, sir.
Q. Do you deny — are you denying to this jury today killing Donnell Hodges?
A. Yes, sir.
Smith’s denial of his adjudged guilt was quite obviously the subject of the State’s disdain and commentary. For Smith to suggest otherwise beggars credulity. Finding no error, we affirm.
III. IS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
*772 ¶ 9. Smith alleges that the verdict is contrary to the overwhelming weight of the evidence. However, he then argues instead that the evidence is legally insufficient. Despite the obvious mistake, we will consider his intended argument on the weight of the evidence.
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those eases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998) (citations omitted).
¶ 10. All of the testimony adduced at trial came in the State’s case in chief. In certain respects, it was contradictory, in that two witnesses disagreed on whether there was a plan to rob Hodges. Generally the evidence remains quite clear on the matter of who shot the victim, and the circumstances of the murder and robbery. The evidence also demonstrates that Smith took possession of Hodges’s car. On its face, the evidence is strongly supportive of the verdict, and coupled with the fact that this Court must consider the evidence in the light most favorable to the non-moving party, we find that the verdict is not against the overwhelming weight of the evidence.
CONCLUSION
¶ 11. Smith makes three assignments of error: the State failed to establish a prima facie case of robbery, the prosecutor improperly prejudiced the jury, and the verdict was against the overwhelming weight of the evidence. His argument fails on all three counts, since the State proved that Smith stole Hodges’s car, the prosecutor commented not on Smith’s silence, but his protestations of innocence during the sentencing phase, and the evidence is strongly supportive of the verdict.
¶ 12. Smith’s appeal .is without merit, and we affirm.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT POSSIBILITY OF PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
McMILLIN, C.J. AND KING, P.J., THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J. AND IRVING, J., CONCUR IN RESULT ONLY.